**Konstandin KARAVELLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0035–ag.

United States Court of Appeals, Second Circuit.

July 26, 2006.

Aleksander B. Milch, Christophe & Associates, New York, New York, for Petitioner.

Steven K. Mullins, United States Attorney for the District of South Dakota, Scott A. Roetzel, Assistant United States Attorney, Pierre, South Dakota, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Konstandin Karavella petitions for review of the December 12, 2005 BIA affirmance of the decision of Immigration Judge Sarah Burr (the "IJ") to reopen his removal proceedings and reverse her earlier decision granting him asylum, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). The decision to grant or deny a motion to reopen is reviewable only for an abuse of discretion. See Twum, 411 F.3d at 58. However, related questions of law, and application of law to fact, are reviewed de novo. See Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). Finally, we review the agency's factual findings, including those related to credibility, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

■ Here, the IJ did not abuse her discretion in reopening Karavella's proceedings, two weeks after granting him asylum, upon receiving evidence from the government that three of the documents that he submitted in support of his claim were fraudulent. The IJ has wide authority to reopen a case at any time, either sua sponte or upon motion of either party. See 8 C.F.R. § 1003.23(b). The IJ also has specific authority to reopen a case for the purpose of terminating a grant of asylum, upon a showing by the government that there was fraud in the initial application. See 8 C.F.R. § 208.24(a)(1), (f). Although the consular report that the government submitted was based on hearsay, the Federal Rules of Evidence do not apply strictly in removal proceedings, and hearsay is admissible so long as it is probative and its use is fundamentally fair. See Felzcerek v. INS, 75 F.3d 112, 115, 117

(2d Cir.1996). Here, the government's report indicated that the individuals whose purported signatures were on the medical report, police certificate, and district attorney's report either disavowed the signatures or stated that the document did not conform to the official register of issued certificates. Each individual was named in the report and was theoretically available for questioning. Therefore, the report was sufficiently reliable for the IJ to conclude that further investigation was warranted, and, rather than treat the report as conclusive, the IJ allowed Karavella ample time to challenge its conclusions by submitting rebuttal evidence.

■■■■ Moreover, substantial evidence supports the IJ's ultimate determination that Karavella's rebuttal evidence was inadequate, and that the government sustained its burden in proving fraud. Karavella testified that his parents had obtained the documents for him in Albania, and made the mistake of telling the sources that they needed the documents to help him with his asylum case in the United States, and made the further mistake of telling them that he was a member of the Democratic Party. He further testified that the doctor and the officials in the police and district attorney's office were all Socialist Party members and former Communists, who intended to sabotage his case by providing him with false documents, confident that the fraud would be exposed, Karavella would be punished, and they would not have to answer for their actions. However, as Karavella did not present any evidence or witnesses to support this theory, the IJ was reasonably justified in finding it tailored to fit the facts of his case, and implausible. The IJ's determination of how much weight to give the government's and Karavella's respective evidence was reasonable, and supported by specific, cogent reasons, and therefore we will not disturb her conclusion that the government met its burden of proving fraud. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004). Additionally, we reject Karavella's claim that the IJ's denied him due process in reversing her earlier grant of asylum, under these circumstances. Karavella clearly received ample procedural due process, as the IJ gave him the opportunity to respond to the government's motion, present evidence in rebuttal, and defend his position through testimony at a subsequent hearing. He had nearly a year to submit evidence or find witnesses to support his position, and he also had the opportunity to request that the government's witnesses be made available for cross-examination, but never did so. Finally, because his credibility was already impugned, and he did not assert an independent factual basis for his withholding or CAT claims, the IJ properly denied those claims as well.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).